■ In the Matter of Irma Horton, Petitioner, v Barbara Blum, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated January 30, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency, ordering recoupment of a total of $14,097.59 in alleged overpayments from petitioner's current welfare benefits. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondents for a new determination in accordance herewith. The respondent State Commissioner of Social Services determined, after a fair hearing, that petitioner, a current

public assistance recipient, had wrongfully obtained benefits in the past by means of three frauds, allegedly committed between 1971 and 1975. Specifically, the State commissioner found that (1) between October, 1972 and October, 1973, petitioner had received benefits from Nassau County while receiving public assistance in another county; (2) between August, 1972 and April, 1975 petitioner failed to report a total of $7,307.07 in support payments she had received from her husband; and (3) between December, 1971 and May, 1972 petitioner received a total of $1,116.62 as a shelter allowance which she failed to apply toward the carrying charges of her home (the mortgage was eventually foreclosed). The State commissioner directed that overpayments received by petitioner as a result of the three frauds be recouped from her current welfare benefits. In our opinion, the evidence at the fair hearing was sufficient to permit recoupment only as to the first of the alleged frauds, and only to the extent that it would not deprive petitioner's minor children of assistance which they are entitled to receive (*Matter of Carlin v Blum,* 72 AD2d 561). As to the second "fraud", while the evidence suggests that petitioner may, on occasion, have received some support payments which she failed to report to the agency, there is no evidence which would indicate that she received the amount indicated in the State commissioner's determination. The evidence as to the third overpayment does not support the State commissioner's finding that petitioner's conduct was fraudulent or that recoupment was proper. The evidence established that between December, 1971 and May, 1972 petitioner's public assistance benefits were budgeted to include a portion of the carrying charges of a home which she owned subject to a Federal Housing Authority mortgage. Petitioner concededly failed to apply any part of her welfare check to the payment of the carrying charges. She testified at the fair hearing, however, that she was not even aware that her welfare benefits included a shelter allowance (prior to September, 1971 the agency had paid the carrying charges directly to the mortgagee). There is no indication in the record that petitioner willfully withheld information from the agency regarding her payment of the carrying charges. In such circumstances, and in the absence of a showing that petitioner has currently available income or resources exclusive of her current assistance payment, recoupment is not authorized by the Department of Social Services regulations with respect to the third alleged fraud (see 18 NYCRR 352.31 [d]). Hopkins, J. P., Damiani, Gibbons and Cohalan, JJ., concur.